UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD E. SIRGINSON,

       Plaintiff,

  v.

KERRY IVEY,

       Defendant.

Case No. C04-1879L

ORDER DENYING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion filed by defendant Kerry Ivey to dismiss for failure to state a claim upon which can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. #5).

For the reasons set forth in this Order, the Court denies defendant's motion to dismiss.

## II. DISCUSSION

**A.  Background Facts.**

Plaintiff Richard Sirginson was employed as a dental hygienist 2 with the Department of Labor and Industries of the State of Washington ("L&I") in its Everett Office. Defendant Kerry Ivey was the Regional Administrator for L&I and the appointing officer for Mr. Sirginson, meaning she had the power to hire and fire him and to affect other aspects of his employment.

ORDER DENYING
MOTION TO DISMISS - 1

On August 29, 2001, Ms. Ivey terminated Mr. Sirginson's employment. Mr. Sirginson was 71 years old at the time of his termination.

The stated reason for the termination was a disability separation based on his inability to perform his job duties. Mr. Sirginson denies that he was disabled or unable to perform his job duties. Mr. Sirginson was reinstated by a September 2003 decision of the Washington Personnel Appeals Board.

Mr. Sirginson alleges that Ms. Ivey, in terminating his employment, violated his right to equal protection under the fourteenth amendment to the Constitution by discriminating against him based on his age and perceived disability. He seeks damages pursuant to 42 U.S.C. § 1983.

Ms. Ivey moves to dismiss Mr. Sirginson's claims against her in their entirety. She alleges that the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA") are plaintiff's exclusive remedies; his claims are not cognizable as equal protection violations. Ms. Ivey further alleges that even if the equal protection clause provided a remedy, plaintiff's claims fail because the employment decisions survive rational basis scrutiny.

**B.      Standards Regarding a Motion to Dismiss.**

For purposes of a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, "review is limited to the context of the complaint." Clegg v. Cult Awareness Network, 18 F.3d 752, 755 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992) (internal citation and quotation omitted). All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. Id.

**C.      Exclusivity of Employment Discrimination Statutes.**

Defendant argues that plaintiff's claim must be dismissed because "[e]mployment discrimination claims are not cognizable under the Equal Protection clause, because

ORDER DENYING
MOTION TO DISMISS - 2

comprehensive statutes, such as ADEA and ADA are exclusive." Defendant's Motion at 1. Pursuant to 42 U.S.C. § 1983, a plaintiff may challenge actions committed under color of state law that amount to a deprivation of federal constitutional or statutory rights. See Smith v. Barton, 914, F.2d 1330, 1333 (9th Cir. 1990).

Defendant correctly notes that some cases have held that a plaintiff cannot bring a Section 1983 action based on violations of federal employment discrimination statutes. See, e.g., Vinson v. Thomas, 288 F.3d 1145 (9th Cir. 2002) (explaining that plaintiffs cannot bring a Section 1983 action in lieu of or in addition to a statutory discrimination claim "if the only alleged deprivation is of the employee's rights *created by*" discrimination statutes) (quoting Holbrook v. City of Alpharetta, 112 F.3d 1522, 1531 (11th Cir. 1997)) (emphasis added). In this case, however, plaintiff is not seeking to vindicate rights created by a statute. Rather, he seeks to vindicate his right to equal protection under the Constitution.

None of the cases defendant cites held that a state government employee, like plaintiff, was barred from bringing an equal protection claim to remedy alleged employment discrimination.[1] In fact, the Ninth Circuit has expressly held that a state government employee may maintain both a Title VII claim and a Section 1983 claim based on a denial of equal protection. See Roberts v. College of the Desert, 870 F.2d 1411, 1415 (9th Cir. 1988) ("We agree with the reasoning of those courts that have held that Title VII does not preempt an action under section 1983 for a violation of the fourteenth amendment"); see also Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104 (9th Cir. 1991) (explaining that plaintiff, who alleged that community college violated the equal protection clause by discriminating against her based on her age and gender, had stated "a cognizable claim"). Finally, adopting defendant's argument would leave state government employees without a federal remedy for some forms of

---

[1] For example, in Brock v. United States, 64 F.3d 1421, 1423-34 (9th Cir. 1995), the court held that a federal government employee is required to comply with statutory and regulatory procedural requirements prior to bringing a Title VII action.

ORDER DENYING
MOTION TO DISMISS - 3

discrimination, as the Supreme Court has held that the Eleventh Amendment bars suits under the ADA and the ADEA against state governments. See Kimel v. Florida Bd. of Regents, 528 U.S. 62 (ADEA); Board of Alabama v. Garrett, 531 U.S. 356 (2001) (ADA).

Accordingly, plaintiff is not barred from pursuing a Section 1983 claim based on the alleged denial of his right to equal protection.

**D.   Rational Basis Review.**

Defendant argues that plaintiff's equal protection claim is subject to rational basis review, and his claim must be dismissed because the government's conduct survives scrutiny. Plaintiff concedes that rational basis review applies and that he bears the burden of showing that the government's conduct was not rational.

Defendant relies heavily on the fact that "age and disability classifications are presumptively constitutional." Defendant's Reply at 2 (citing Hibbs v. HDM Dept. of Human Resources, 273 F.3d 844, 856 (9th Cir. 2001)). However, defendant's reliance on this general principle, and on the cases which have applied it, are unavailing for purposes of this motion. Neither party has alleged that plaintiff was discharged pursuant to an age or disability classification, such as a mandatory retirement age for employees in his position. Defendant is therefore asking the Court to presume that a classification existed, that plaintiff was discharged pursuant to it, and that the decision was rational. Although the threshold for rational basis review is fairly low, the Court will not make those presumptions. Furthermore, the complaint states that plaintiff was given a disability separation because he was unable to perform his job duties, which plaintiff denies. Based on this factual conflict, the Court cannot conclude that plaintiff's discharge was rational as a matter of law.

Finally, defendant argues that plaintiff's claim based on his disability must fail because plaintiff was not disabled at the time of his discharge. The complaint states, "There was no evidence Mr. Sirginson was disabled and unable to perform his job duties at the time of separation." Complaint at ¶ 9. However, the complaint also alleges that plaintiff had aortic

ORDER DENYING
MOTION TO DISMISS - 4

valve replacement surgery two months before his discharge.  Id. at ¶ 10.  Viewing these allegations in the light most favorable to plaintiff, defendant has not shown that plaintiff can prove no set of facts which would allow him to pursue a disability discrimination theory.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss (Dkt. #5).

DATED this 7th day of April, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge