UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD E. SIRGINSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KERRY IVEY,<br><br>　　　　Defendant. | Case No.  C04-1879L<br><br>ORDER REGARDING<br>AMOUNT OF SANCTIONS |

On May 16, 2005, the Court issued an Order granting defendant's motion to compel and for sanctions based on plaintiff's failure to provide initial disclosures and his counsel's refusal to confer in good faith regarding the issue as required by the Local Rules.  (Dkt. #20).  The Court ordered defense counsel to file, within twenty days, a statement of the reasonable costs and fees incurred in attempting to contact plaintiff's counsel regarding the overdue disclosures and in filing the motion to compel.

In response, defense counsel timely filed his statement.  See Supplemental Declaration of Aaron Rocke (Dkt. #21).  Defense counsel notes that he spent 3.7 hours related to the overdue disclosures.  However, the 3.7 hours includes 0.3 hours spent on April 6, 2005 drafting a letter to schedule a telephone conference regarding the initial disclosures.  Because this task was completed before the initial disclosures were due, counsel would have performed that task even

ORDER REGARDING
AMOUNT OF SANCTIONS- 1

absent plaintiff's dilatory conduct.  Accordingly, the 0.3 hours shall not be included in the award of sanctions.  Mr. Rocke's hourly fee, as calculated according to the chargeback amount to the client, is $125.96.[1]  Therefore, the total amount of fees incurred in the above-listed tasks is $428.26; counsel has not alleged that any costs were incurred.  The Court finds that the total amount, and the underlying hourly rate, are reasonable.

Accordingly, the Court AWARDS defendant her reasonable attorney's fees in the amount of $428.26, which plaintiff and his counsel shall pay to defendant within thirty days of the date of this Order.

DATED this 26th day of May, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Defense counsel notes that the average hourly rate is higher for an attorney in private practice, and his rate was higher when he was in private practice.  The Court declines to increase the hourly fee amount based on these factors.

ORDER REGARDING
AMOUNT OF SANCTIONS- 2