UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD E. SIRGINSON,

    Plaintiff,

 v.

KERRY IVEY,

    Defendant.

Case No. C04-1879L

ORDER GRANTING MOTION
TO COMPEL AND AMENDING
CASE SCHEDULE

    This matter comes before the Court on a motion filed by defendant Kerry Ivey to compel plaintiff to appear for his deposition. (Dkt. #24).

    Defendant properly noticed plaintiff's deposition for October 25, 2005 at 9:00 a.m. At 7:58 a.m. on that day, plaintiff's counsel Richard Pope sent an e-mail to defense counsel stating, "I will not be able to attend the deposition of Richard Sirginson scheduled for today . . . due to personal illness." Declaration of Aaron Rocke, Ex. 2. In the e-mail, Mr. Pope also stated that he would seek to withdraw as counsel in this case. Although he has not moved to withdraw, neither Mr. Pope nor plaintiff responded to this motion.

    Plaintiff's counsel's eleventh hour vague references to "personal illness" and his consideration of withdrawing are not sufficient justifications for plaintiff's failure to appear at his own deposition. Accordingly, the Court GRANTS defendant's motion to compel (Dkt. #24).

ORDER GRANTING MOTION
TO COMPEL AND AMENDING
CASE SCHEDULE- 1

Plaintiff shall appear for his deposition once defendant re-notices it.

Defendant requests that the Court impose sanctions for plaintiff's failure to appear for his deposition. Plaintiff has not shown that his failure was substantially justified, or that other factors would make the imposition of sanctions unjust. Plaintiff's counsel's excuses for his failure to attend are particularly unavailing in light of the fact that they were conveyed via e-mail rather than by telephone and only an hour before the deposition, when it was inevitable that all other participants would have already expended significant time and effort to prepare for and attend the deposition. Plaintiff's counsel has not cooperated in discovery in the past in this case, so this conduct is part of a pattern of discovery abuse. Furthermore, it appears that plaintiff's counsel has purposefully evaded defendant's counsel's attempts to confer in good faith regarding the issue, which plainly violates both the letter and the spirit of the Local Rules. Accordingly, the Court awards defendant her reasonable attorney's fees and costs incurred in filing this motion and the cancelled deposition. Defendant's counsel Aaron Rocke states that he has expended and/or will expend 3.2 hours drafting this motion, re-noting the deposition, and re-preparing for the deposition; his hourly fee, as calculated according to the chargeback amount to the client, is $125.96. Therefore, the total amount of fees incurred in the above-listed tasks is $403.07. The Court finds that the total amount, and the underlying hourly rate, are reasonable. The Court AWARDS defendant fees in the amount of $403.07 which plaintiff and his counsel shall pay to defendant within thirty days of the date of this Order. Once defendant receives a bill for the court reporter's fee, she can file a supplemental request to recover that cost. Plaintiff and his counsel shall be jointly responsible for paying the amount of fees and costs.

Finally, because of the delay in taking plaintiff's deposition, defendant requests a thirty-day extension of the November 6 discovery deadline and the December 6 deadline to file dispositive motions. That request is certainly justified under the circumstances and is granted. Therefore, discovery must be completed by December 9, 2005, and dispositive motions must be

1 | filed by January 6, 2006.

3 | DATED this 22nd day of November, 2005.

*[signature]*
Robert S. Lasnik
United States District Judge

27 | ORDER GRANTING MOTION
28 | TO COMPEL AND AMENDING
CASE SCHEDULE- 3